DOUBLE-SIDED FILING

**Donte McClellon**
**220 11th Ave**
**Seattle, WA 98122**

March 24th, 2025

**Clerk of the Court**
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

           **Re: United States of America v. McClellon Case No. 24-3406; *Pro Se* Motions for Leave and [Proposed] *Pro Se* Motions**

Dear Clerk of the Court,

        I am the **Defendant-Appellant, proceeding *pro se* and *in Forma Pauperis* at this time**, in the above-referenced matter. Enclosed for filing, please find the following documents which are printed **double-sided**:

1. ***Pro se* Motion for Leave to File Motion for Stay of Restitution and Forfeiture Pending Appeal**
2. **[Proposed] *Pro se* Motion for Stay of Restitution and Forfeiture Pending Appeal** (submitted as an attachment for consideration)
3. **Declaration in Support of Motion for Stay**
4. ***Pro se* Motion for Leave to File Motion for Release Pending Appeal**
5. **[Proposed] *Pro se* Motion for Release Pending Appeal** (submitted as an attachment for consideration)
6. **Certificates of Service**

        I respectfully request that the Court grant leave to file my Motion for Stay of Restitution and Forfeiture Pending Appeal. The district court previously denied my request for a stay and release, and I now seek relief from this Court due to **financial hardship, loss of property, and irreparable harm resulting from the enforcement of restitution and forfeiture before the resolution of my appeal.**

        If the Court requires any additional information, please notify me at the contact information provided above. Thank you for your time and consideration.

        EXECUTED this ___24th___ day of ___March___, **2025**

DOUBLE-SIDED FILING

Respectfully submitted,

/s/_____

Donte McClellon
*Pro se* Defendant-Appellant
220 11th Ave
Seattle, WA 98122

DOUBLE-SIDED FILING

UNITED STATES COURT OF APPEALS

FOR NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 24-3406 |
| *Plaintiff-Appellee*, | |
| | |
| vs . | ***PRO SE* MOTION FOR LEAVE TO FILE MOTION FOR STAY OF RESTITUTION AND FORFEITURE PENDING APPEAL** |
| | |
| DONTE McCLELLON, | |
| *Defendant-Appellant*. | |

      **NOW COMES Defendant-Appellant Donte McClellon,** proceeding *pro se* and *in Forma Pauperis* at this time, respectfully moves this Court for leave to file a Motion for Stay of Restitution and Forfeiture Pending Appeal under **Federal Rule of Appellate Procedure 27** and **Ninth Circuit Rule 27-1**. See ***Pro Se* Motion for Stay of Restitution and Forfeiture pending Appeal** (Dkt.no. 356), which is incorporated by reference in its entirety. See also ***Pro se* Supplemental Opening Brief with Writ of Mandamus**, which is incorporated by reference in its entirety.

***PRO SE* DISCLOSURE**

      In general, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. **Haines v. Kerner**, 404 U.S. 519, 520, 92 S. Ct 594, 30 L.Ed.2d 652 (1972). The Court has an obligation to construe such pleadings liberally. **Bretz v. Kelman**, 773 F.2d 1026, 1027n.1 (9th Cir. 1985) (en banc). A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers. **Erickson v. Pardus**, 551 U.S. 89, 94, 127 S.Ct 2197, 167 L.Ed.2d 1081 (2007) (quoting **Estelle v. Gamble**, 429 U.S. 97, 106, 97 S.Ct 285, 50 L.Ed.2d 251 (1976) (internal citations omitted) (emphasis added).

**BACKGROUND**

1. The district court **denied** Appellant's Motion for Stay of Restitution and Forfeiture.

2. Due to **pro se status, procedural barriers, and a recent district court ruling**, Appellant was unable to seek relief sooner.

3. Appellant is now **requesting leave** to file a Motion for Stay to prevent **irreparable financial harm, permanent loss of property, and asset depreciation** while the appeal is pending.

DOUBLE-SIDED FILING

## BASIS FOR REQUEST

This Court has the discretion to grant leave to file motions when warranted by **exceptional circumstances.** See <u>**United States v. Russell**</u>**, 804 F.2d 571, 574 (9th Cir. 1986)** (recognizing the need for flexibility in procedural requirements, particularly for pro se litigants).

Appellant's request satisfies the **factors for granting leave**:

1. **Timeliness:** Appellant acted diligently in seeking relief upon the district court's denial.
2. **Legal Merit:** The proposed Motion for Stay presents substantial legal questions, including **violations of the Speedy Trial Act and improper restitution/forfeiture orders** under <u>**United States v. Edwards**</u>**, 595 F.3d 1004, 1016 (9th Cir. 2010)**.
3. **Irreparable Harm:** Courts recognize **financial ruin, loss of property, and asset depreciation as grounds for a stay.** See <u>**Golden Gate Rest. Ass'n v. San Francisco**</u>**, 512 F.3d 1112, 1125 (9th Cir. 2008).**
4. **No Prejudice to the Government:** A stay **preserves the status quo** without harming the United States' ability to enforce lawful restitution if the appeal is unsuccessful.

## CONCLUSION

For the foregoing reasons, Mr. McClellon respectfully requests that this Court **grant leave** to file the Motion for Stay of Restitution and Forfeiture Pending Appeal.

EXECUTED this _24th_ day of _March_, **2025**

Respectfully submitted,

/s/_____

Donte McClellon
*Pro se* Defendant-Appellant
220 11th Ave, Seattle, WA 98122

DOUBLE-SIDED FILING

UNITED STATES COURT OF APPEALS

FOR NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 24-3406 |
| *Plaintiff-Appellee*, | |
| vs . | ***PRO SE* MOTION FOR STAY OF RESTITUTION AND FORFEITURE PENDING APPEAL** |
| DONTE McCLELLON, | |
| *Defendant-Appellant*. | |

**NOW COMES Defendant-Appellant Donte McClellon,** proceeding *pro se* and *in Forma Pauperis* at this time, respectfully moves this Court for a stay of restitution and forfeiture pending appeal under **Federal Rule of Appellate Procedure 8(a)**, **Ninth Circuit Rule 27-1**, **and the factors set forth in Hilton v. Braunskill, 481 U.S. 770, 776 (1987).** See ***Pro Se* Motion for Stay of Restitution and Forfeiture pending Appeal** (Dkt.no. 356), which is incorporated by reference in its entirety. See also ***Pro se* Supplemental Opening Brief with Writ of Mandamus**, which is incorporated by reference in its entirety.

### *PRO SE* DISCLOSURE

In general, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. **Haines v. Kerner**, 404 U.S. 519, 520, 92 S. Ct 594, 30 L.Ed.2d 652 (1972). The Court has an obligation to construe such pleadings liberally. **Bretz v. Kelman**, 773 F.2d 1026, 1027n.1 (9th Cir. 1985) (en banc). A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers. **Erickson v. Pardus**, 551 U.S. 89, 94, 127 S.Ct 2197, 167 L.Ed.2d 1081 (2007) (quoting **Estelle v. Gamble**, 429 U.S. 97, 106, 97 S.Ct 285, 50 L.Ed.2d 251 (1976) (internal citations omitted) (emphasis added).

### LEGAL STANDARD

A stay pending appeal is warranted where the movant demonstrates:

1.  A likelihood of success on the merits;
2.  Irreparable harm absent a stay;

DOUBLE-SIDED FILING

3. That a stay will not substantially harm the opposing party; and

4. That the public interest favors a stay.

And if Defendant makes a showing in connection with his Motion for Bond pending Appeal, the Court can also find that staying the restitution and forfeiture order is likewise appropriate. See **United States v. Fisher**, 2015 U.S. Dist. Lexis 190220.

While an appeal is pending, the Court "may stay – on any terms considered appropriate – any sentence providing for restitution." **Fed. R. Crim. P. 38(f)**. "If a defendant appeals from a conviction or an order of forfeiture, the Court may stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review." **Fed. R. Crim. P. 32.2(d)**.

**Lair v. Bullock, 697 F.3d 1200, 1203 (9th Cir. 2012)**; see also **Leiva-Perez v. Holder, 640 F.3d 962, 964 (9th Cir. 2011)**. The Ninth Circuit applies a **"sliding scale"** approach, allowing a stay where there are serious legal questions and the balance of hardships tips sharply in favor of the movant. **Id. at 970.**

## ARGUMENT

1. **Likelihood of Success on Appeal**

Mr. McClellon raises substantial legal issues, including **violations of Speedy Trial rights under the Sixth Amendment and 18 U.S.C. § 3161.** The district court retroactively and indefinitely extended "ends of justice" findings, contradicting **United States v. Lloyd, 125 F.3d 1263, 1268 (9th Cir. 1997)** (holding that ends-of-justice continuances must be prospective, **not retroactive**).

Additionally, restitution and forfeiture orders imposed after an unconstitutional conviction are unlawful and should not be enforced pending review. **United States v. Edwards, 595 F.3d 1004, 1016 (9th Cir. 2010).**

2. **Irreparable Harm Absent a Stay**

Courts recognize that **financial ruin and loss of property constitute irreparable harm.** See **Golden Gate Rest. Ass'n v. City & County of San Francisco, 512 F.3d 1112, 1125 (9th Cir. 2008).** Mr. McClellon faces:

6 of 22

DOUBLE-SIDED FILING

a. **Severe financial hardship** from immediate restitution enforcement;

b. **Permanent loss of property** due to forfeiture before appellate review; and

c. **Dramatic depreciation of seized assets**, causing irreversible harm.

d. **Mr. McClellon challenges the Government's assertion that "money is fungible"** (Dkt.no. 358, p. 5, lines 9-11), arguing that this reasoning constitutes a **red herring fallacy**. The assets seized were not originally U.S. currency but rather securities positions, which were forcibly liquidated—at a substantial loss—under Government direction. These assets, valued significantly higher prior to liquidation, were converted into U.S. currency amounting to only $16,394.44. The original dual civil and criminal seizure warrant filed in the district court, along with the FBI-generated inventory list, demonstrates that the total value of the seized assets far exceeded this amount. Specifically, the **Webull Financial LLC brokerage account** originally held approximately **$900,000.00**, meaning the forced liquidation resulted in dramatic depreciation. This depreciation, combined with the due process violations surrounding the forfeiture, justifies a stay of restitution and forfeiture pending appeal. The Ninth Circuit has addressed due process concerns in asset forfeiture cases. In **United States v. Real Property Located in El Dorado**, 59 F.3d 974 (9th Cir. 1995), the court held that the property owner was deprived of due process rights under the Fifth Amendment when his property was seized without proper notice. Similarly, in **Wright v. Beck**, No. 19-55084 (9th Cir. 2020), the court found that a rational trier of fact could conclude that the plaintiff's due process rights were violated when his firearms were seized and destroyed without adequate notice. These cases underscore the necessity for the Government to provide proper notice and adhere to due process requirements in asset forfeiture proceedings. Given these facts and precedents, the Government effectively owes Mr. McClellon over **$900,000.00** in forfeited assets, which must be returned pending appeal.

3. **Minimal Harm to the Government**

   A stay merely preserves the status quo. The government **"suffers no significant harm"** from delayed enforcement of restitution and forfeiture. See **Nken v. Holder, 556 U.S. 418, 426 (2009).** If the appeal fails, restitution and forfeiture can be enforced later.

4. **Public Interest Supports a Stay**

   The public interest **strongly favors ensuring that convictions and penalties comply with**

DOUBLE-SIDED FILING

**constitutional requirements.** See **Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012).** Enforcing restitution and forfeiture now, before resolving Speedy Trial violations, **undermines due process and confidence in the judiciary.**

## CONCLUSION

For the foregoing reasons, Mr. McClellon respectfully requests that this Court stay the restitution and forfeiture orders pending resolution of this appeal.

EXECUTED this _24th_ day of _March_, **2025**

Respectfully submitted,

/s/_____
     Donte McClellon
     *Pro se* Defendant-Appellant
     220 11th Ave
     Seattle, WA 98122

DOUBLE-SIDED FILING

UNITED STATES COURT OF APPEALS

FOR NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 24-3406 |
| *Plaintiff-Appellee*, | |
| vs . | **DECLARATION OF DONTE McCLELLON IN SUPPORT OF MOTION FOR STAY OF RESTITUTION AND FORFEITURE PENDING APPEAL** |
| DONTE McCLELLON, | |
| *Defendant-Appellant*. | |

I, Donte McClellon, declare under penalty of perjury pursuant to **28 U.S.C. § 1746** as follows:

1. **Personal Background**

   I am the Defendant-Appellant in this case and submit this declaration in support of my Motion for Stay of Restitution and Forfeiture Pending Appeal.

2. **Financial Hardship**

   a. The restitution order imposes an immediate and significant financial burden on me.

   b. Courts recognize that financial ruin constitutes irreparable harm. See **Golden Gate Rest. Ass'n v. City & County of San Francisco, 512 F.3d 1112, 1125 (9th Cir. 2008).**

   c. I have limited resources, and enforcement of restitution would **deprive me of funds needed for basic living expenses, legal costs, and subsistence.**

3. **Loss of Property Due to Forfeiture**

   a. The forfeiture order threatens my **permanent loss of assets before appellate review.**

   b. Courts recognize forfeiture as irreparable harm because property is not recoverable if the appeal succeeds. **United States v. Simmons, 918 F.3d 1036, 1041 (9th Cir. 2019).**

4. **Depreciation of Seized Assets**

   a. My assets held by the government are **actively depreciating in value.**

   b. Seized assets subject to market fluctuations, degradation, or devaluation cause **irreparable harm** when they lose worth before resolution of the case. See **United States v. Kaley, 579 F.3d 1246, 1257 (11th Cir. 2009) (recognizing that prolonged government control can result in asset deterioration).** Seized assets were worth

DOUBLE-SIDED FILING

over $900,000.00 in securities in a Webull Financial LLC brokerage not $16,343.44 as demonstrated by FBI Special Agent Armando Ramriez's warrant request but depreciated in value dramatically by the direction of the Government.

5. **Efforts to Seek Relief in the District Court**

    a. I previously moved for a stay of restitution and forfeiture in the district court, which was denied.

    b. **My pro se status, withdraw of defense counsel in the district court without substitution, right to effective assistance of counsel violated (filed and exhausted Administrative remedies), right to counsel of choice violated, right to access to the courts violated at FCI Otisville Camp (filed and exhausted Administrative remedies), right to access to counsel violated at FCI Otisville Camp (filed and exhausted Administrative remedies), right to free flow of incoming and outgoing legal mail violated at FCI Otisville Camp (filed and exhausted Administrative remedies), procedural barriers, and a recent district court ruling** delayed my ability to seek relief in the Ninth Circuit.

6. **Conclusion**

    a. Given the **strong legal grounds of my appeal and the severe, irreparable harm I face**, I respectfully request that this Court grant a stay of restitution and forfeiture pending appeal.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

EXECUTED this _24th_ day of _March_, **2025**

Respectfully submitted,

/s/_____

Donte McClellon
*Pro Se* Defendant-Appellant
220 11th Ave
Seattle, WA 98122

DOUBLE-SIDED FILING

**Donte McClellon**
**220 11ᵗʰ Ave**
**Seattle, WA 98122**

March 24ᵗʰ 2025

United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

**Re: United States of America v. McClellon Case No. 24-3406;** *Pro se* **Motion for Leave to file Motion for Release pending Appeal and [proposed] Pro se Motion for Release pending Appeal**

TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT:

**COMES NOW** Defendant-Appellant Donte McClellon, proceeding *pro se* and *in Forma Pauperis* at this time, respectfully moves this Court for leave to file a Motion for Release Pending Appeal pursuant to **Federal Rule of Appellate Procedure 9(b)** and **18 U.S.C. § 3143(b)**. In support of this motion, Mr. McClellon states as follows (See ***Pro Se* Motion for Bond/Release pending Appeal** (Dkt.no. 355), which is incorporated by reference in its entirety. See also ***Pro se* Supplemental Opening Brief with Writ of Mandamus**, which is incorporated by reference in its entirety.):

### *PRO SE* DISCLOSURE

In general, *pro se* pleadings are held to a less stringent standard than those drafted by lawyers. **Haines v. Kerner**, 404 U.S. 519, 520, 92 S. Ct 594, 30 L.Ed.2d 652 (1972). The Court has an obligation to construe such pleadings liberally. **Bretz v. Kelman**, 773 F.2d 1026, 1027n.1 (9ᵗʰ Cir. 1985) (en banc). A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers. **Erickson v. Pardus**, 551 U.S. 89, 94, 127 S.Ct 2197, 167 L.Ed.2d 1081 (2007) (quoting **Estelle v. Gamble**, 429 U.S. 97, 106, 97 S.Ct 285, 50 L.Ed.2d 251 (1976) (internal citations omitted) (emphasis added).

1. **Procedural Background:**

DOUBLE-SIDED FILING

    a. Mr. McClellon is currently appealing a conviction and sentence from the United States District Court for the Western District of Washington, raising substantial legal questions, including violations of the Speedy Trial Act.

    b. The district court denied Mr. McClellon's *pro se* motion to stay restitution and forfeiture (Dkt.no. 356), causing significant financial hardship.

    c. Due to *pro se* status and procedural complexities as well as present incarceration, Mr. McClellon was unable to file the Motion for Release Pending Appeal at an earlier stage.

**2. Legal Standard for Leave to File:**

    a. The Ninth Circuit has discretion to grant leave when good cause exists, particularly for *pro se* litigants facing procedural barriers. See **Balough v. United States**, 280 F.2d 94 (9th Cir. 1960) (holding that courts should be mindful of procedural barriers faced by *pro se* litigants).

    b. Under **18 U.S.C. § 3143(b)**, release pending appeal is appropriate where (1) the appeal raises substantial legal questions likely to result in reversal, (2) the defendant is not a flight risk or danger to the community, and (3) the appeal is not for the purpose of delay. See **United States v. Handy**, 761 F.2d 1279, 1283 (9th Cir. 1985) (holding that release pending appeal is warranted where the appeal presents substantial legal questions and other statutory conditions are met).

    c. Additionally, in **United States v. Montoya**, 908 F.2d 450, 451 (9th Cir. 1990), the Ninth Circuit reaffirmed that a "substantial question" is one that is debatable among jurists, could be decided differently, or is sufficient to deserve further proceedings. **"Courts need only determine whether a new trial, reversal, or reduced sentence is likely if the defendant prevails; they need not determine whether it is likely that the defendant actually will prevail."** See **41 Geo. L.J. Ann. Rev. Crim. Proc. 359 (2012)**; **United States v. Miller**, 753 F.2d 19, 23 (3d Cir. 1985); **United States v. Giancola**, 754 F.2d 898, 901 (11th Cir. 1985); **United States v. LaGiglio**, 384 F.3d 925, 926 (7th Cir. 2004).

**3. Reasons Leave Should Be Granted:**

    a. **Substantial Legal Issues:** Appellant's appeal presents meritorious claims, including Speedy Trial Act violations that may result in reversal or a new trial. See **United States v. King**, 483 F.3d 969, 972 (9th Cir. 2007) (recognizing that Speedy Trial Act violations can warrant dismissal of charges). Courts have held that a violation of the

DOUBLE-SIDED FILING

Speedy Trial Act may be grounds for dismissal with prejudice when the delay is excessive and not justified. See **United States v. Lloyd**, 125 F.3d 1263, 1269 (9th Cir. 1997) (finding that excessive and unjustified delays in trial proceedings warranted dismissal). Moreover, the Ninth Circuit has emphasized the importance of strict compliance with the Act's time limits. See **United States v. Ramirez-Cortez**, 213 F.3d 1149, 1153 (9th Cir. 2000) (holding that failure to bring a defendant to trial within the prescribed period requires dismissal unless justified by specific statutory exceptions).

    b. **Exceptional Circumstances:** The denial of a stay on restitution and forfeiture has caused severe financial hardship, including loss of property and devaluation of seized assets.

    c. **No Flight Risk or Danger:** Mr. McClellon has strong ties to the community, has complied with all prior court orders, and presents no risk of flight or danger to the public. See **United States v. Kinslow**, 105 F.3d 555, 556 (9th Cir. 1997) (considering community ties and compliance with court orders in determining release pending appeal).

4. **Conclusion:**

For the foregoing reasons, Mr. McClellon respectfully requests that this Court grant leave to file a Motion for Release Pending Appeal.

EXECUTED this ___24th___ day of ___March___, **2025**

Respectfully submitted,

/s/_____

Donte McClellon
*Pro se* Defendant-Appellant
220 11th Ave
Seattle, WA 98122

DOUBLE-SIDED FILING

UNITED STATES COURT OF APPEALS

FOR NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 24-3406 |
| *Plaintiff-Appellee*, | |
| | |
| vs . | ***PRO SE* MOTION FOR RELEASE PENDING APPEAL** |
| | |
| DONTE McCLELLON, | |
| *Defendant-Appellant*. | |

    **NOW COMES** Defendant-Appellant Donte McClellon, proceeding *pro se* and *in Forma Pauperis* at this time, respectfully moves this Court for release pending appeal pursuant to **18 U.S.C. § 3143(b)** and **Federal Rule of Appellate Procedure 9(b)**. In support of this motion, Appellant states as follows (See ***Pro Se* Motion for Bond/Release pending Appeal** (Dkt.no. 355), which is incorporated by reference in its entirety. See also ***Pro se* Supplemental Opening Brief with Writ of Mandamus**, which is incorporated by reference in its entirety.):

# I. PROCEDURAL BACKGROUND

1. Mr. McClellon was convicted in the United States District Court for the Western District of Washington and is currently appealing the conviction and sentence.

2. Mr. McClellon's appeal raises substantial legal questions, including violations of the Speedy Trial Act, which could result in reversal or a new trial.

3. The district court denied Mr. McClellon's motion for a stay of restitution and forfeiture (Dkt.no. 356), causing significant financial hardship.

## II. LEGAL STANDARD FOR RELEASE PENDING APPEAL

4. Under **18 U.S.C. § 3143(b)**, release pending appeal is appropriate where:

   a) The appeal raises substantial legal questions;

   b) If resolved in the appellant's favor, those questions are likely to result in reversal, a new trial, or a reduced sentence;

   c) The appellant is not a flight risk or danger to the community; and

DOUBLE-SIDED FILING

d) The appeal is not for the purpose of delay. See **United States v. Handy**, 761 F.2d 1279, 1283 (9th Cir. 1985).

5. A "substantial question" is one that is debatable among jurists, could be decided differently, or is sufficient to deserve further proceedings. See **United States v. Montoya**, 908 F.2d 450, 451 (9th Cir. 1990).

6. Courts need only determine whether a new trial, reversal, or reduced sentence is likely if the defendant prevails; they need not determine whether it is likely that the defendant actually will prevail. See **41 Geo. L.J. Ann. Rev. Crim. Proc. 359 (2012)**; **United States v. Miller**, 753 F.2d 19, 23 (3d Cir. 1985); **United States v. Giancola**, 754 F.2d 898, 901 (11th Cir. 1985); **United States v. LaGiglio**, 384 F.3d 925, 926 (7th Cir. 2004).

7. The district court has a duty pursuant to **§3145(c)** and **Fed.R.App.P.9(b)** to act on applications for release pending appeal and cannot decline to rule on the grounds that it is for the appeals court to decide. See **41 Geo. L.J. Ann. Rev. Crim. Proc. 358 n.1073 (2012)**; **United States v. Hart**, 779 F.2d 575, 576-77 (10th Cir. 1985) (per curiam).

## III. APPELLANT'S CASE RAISES SUBSTANTIAL LEGAL QUESTIONS LIKELY TO RESULT IN REVERSAL

8. **Speedy Trial Act Violations:** The appeal challenges the district court's failure to adhere to the statutory time limits under the Speedy Trial Act, which may require dismissal of the charges. See **United States v. King**, 483 F.3d 969, 972 (9th Cir. 2007) (holding that violations of the Speedy Trial Act can warrant dismissal). Courts strictly enforce the Act's deadlines. See **United States v. Ramirez-Cortez**, 213 F.3d 1149, 1153 (9th Cir. 2000).

9. The Ninth Circuit has consistently held that an "ends of justice" continuance under the Speedy Trial Act requires explicit findings on the record to justify the delay. See **United States v. Clymer**, 25 F.3d 824, 828 (9th Cir. 1994) (finding a violation where the trial court failed to make proper findings). In cases where such findings are retroactive or open-ended, dismissal is warranted. See **United States v. Jordan**, 915 F.2d 563, 565 (9th Cir. 1990).

10. The Ninth Circuit has also found that where Speedy Trial Act violations occur and no statutory exceptions apply, dismissal with prejudice may be appropriate. See **United States v. Lloyd**, 125 F.3d 1263, 1269 (9th Cir. 1997); see also **United States v. Olsen**, 995 F.3d 683, 693 (9th Cir. 2021) (finding that pandemic-related delays do not override Speedy Trial Act rights absent explicit statutory authorization).

DOUBLE-SIDED FILING

11. The District Court Judge Lauren King states in pertinent part the following in her Order (Dkt.no. 307), "[a]s for the third factor, the Government does not argue, and the Court does not find, that Mr. McClellon is pursuing his appeal for the purpose of delay. **18 U.S.C. §3143(b)(1)(B)**" - **Mr. McClellon concurs**.

12. **Unlawful Restitution and Forfeiture Orders:** The appeal also challenges the district court's restitution and forfeiture orders as improper due to underlying constitutional and procedural violations.

13. **Sufficient Preservation of Speedy Trial Rights**: Preservation of Rights for review is where an appellate court generally will review an issue only if the appellant made a specific, timely objection at or before trial or sentencing (the "**contemporaneous objection**" rule). Mr. McClellon has met this rule. Mr. McClellon is an innocent man who indisputably self-surrendered twice on June 15th 2022 and January 31st 2023, respectively (See Dkt.no. 81 at pg. 1, line 18) and sufficiently, according to 9th Circuit authority, preserved his statutory Speedy Trial Rights on appeal where he directly "asserted his speedy trial rights" (See Dkt.no. 172 at pg. 9, lines 6-7), files "motion to substitute counsel" (See Dkt.no. 172 at pg. 7, line 23), and files "motion to dismiss" (See Dkt.no. 172 at pg. 14, line 6) the indictment prior to trial. Citing **United States v. Lam**, 251 F.3d 852 (9th Cir. 2001), "See **United States v. Hall**, 181 F.3d 1057 (9th Cir. 1999) (holding that a defendant who directly asserted his statutory Speedy trial right, moved to substitute counsel, and moved to dismiss the indictment prior to trial sufficiently preserved the right on appeal, even though counsel failed to raise the issue)...Footnote 9: By contrast although Lam repeatedly asserted his desire for a Speedy trial to the district court and expressed his dissatisfaction with Staniels for being so busy and failing to honor his wishes, he did not move to replace Staniels or dismiss the indictment prior to trial." **But Mr. McClellon did**. See generally **United States v. McClellon** full case docket.

## IV. APPELLANT IS NOT A FLIGHT RISK OR DANGER TO THE COMMUNITY

14. Mr. McClellon has substantial ties to the community, including family and professional connections.

15. Although the District Court sentenced Mr. McClellon to 42 months of imprisonment and 36 months of supervised release following a trial that he contends was unconstitutionally conducted, the Bureau of Prisons (BOP) has designated him as a minimum-security adult in

DOUBLE-SIDED FILING

custody (commonly referred to as a "Camper"). This classification means that Mr. McClellon is not confined behind locked cell doors or bars, is not housed within a secured prison fence, and is even permitted to drive government vehicles in and out of the facility into the community. This designation serves as prima facie evidence that Mr. McClellon does not present a flight risk or pose a danger to the community. He has never attempted to escape or abscond while in custody. Additionally, he has surrendered all passports issued under both names, rendering any concerns regarding passports moot and frivolous. Assertions that Mr. McClellon is a flight risk or a danger to the community are baseless and politically motivated. Such claims lack merit and contradict the BOP's own determination of his custody level. Mr. McClellon has demonstrated exemplary conduct as a **model adult in custody**, leading to his early release from a prison camp to a Residential Reentry Center (RRC) under pre-release custody. Given these facts, Mr. McClellon respectfully requests to be released from BOP custody altogether pending appeal. Furthermore, Mr. McClellon does not pose an economic danger to the community. This is particularly evident when comparing his case to that of Samuel Bankman-Fried, who was accused of misappropriating billions of dollars yet was granted bond despite the government's acknowledgment of the substantial economic risk he posed. The disparity in treatment highlights the lack of justification for continued detention in Mr. McClellon's case. Accordingly, Mr. McClellon has met his burden of establishing that he "will not flee or pose a danger to any other person or the community." See **Fed. R. Crim. P. 46(c)**.

16. **Mr. McClellon's Compliance with Court Orders and Government Misrepresentations.**
Mr. McClellon has fully complied with all court orders. See **United States v. Kinslow**, 105 F.3d 555, 556 (9th Cir. 1997) (considering compliance with court orders in determining release pending appeal). Despite this, the prior U.S. Attorney's Office under the Biden Administration, in conjunction with Washington Probation, the FBI, and Pretrial Services, made several false statements, allegations, and innuendos, including but not limited to:

**Alleged False Statements to Pretrial Services:** The Government falsely claimed that Mr. McClellon misrepresented his financial accounts and passports to U.S. Pretrial Services. However, this allegation has been repeatedly debunked. Pretrial Services Officer Erin O'Donnell admitted (Dkt.no. 17) that Mr. McClellon never made any statements to them regarding financial accounts or passports. Instead, it was Ms. Pai-Thompson of the Washington Federal Defenders Office who made those statements on her own accord—not Mr. McClellon. As a result, Ms. Pai-Thompson was removed as court-appointed defense

DOUBLE-SIDED FILING

counsel. **FBI's Alleged Location of Mr. McClellon in New York:** The FBI falsely claimed to have located Mr. McClellon in New York. However, no agent arrested him there, obtained ID verification confirming his presence, or presented any witness testimony establishing that he was in New York. At the Bond Revocation Hearing on March 20, 2023, FBI Agent Armando Ramirez's testimony was not credible—he admitted to tracking multiple individuals at an airport whom he "thought" resembled Mr. McClellon, but none were actually him. This amounted to a "wild goose chase" and "witch hunt," culminating in him even following an unrelated individual to an ATM. See **United States v. Taylor**, 13-30040 (9th Cir. 2014) (emphasizing that bond revocation must be based on credible and substantiated evidence). **Bench Warrant Issued Against Mr. McClellon:** While the Court initially issued a bench warrant, it subsequently quashed its own warrant (Dkt.no. 84), undermining the Government's claim. **Gmail Account Allegations:** The Government alleged that Mr. McClellon's Gmail account was connected to New York-based IP addresses. This is categorically false—Mr. McClellon does not even have a Gmail account. **Alleged Bond Violation for Leaving the District Without Permission:** The Government asserted that Mr. McClellon violated his bond by leaving the district without permission. However, Mr. McClellon contends otherwise. He directly and publicly sought permission from the district court to leave the district and fully complied with all bond conditions. Additionally, the court-appointed third-party custodian, Ms. D'Ette Carriger-McClellon, was under a direct court order to immediately report if Mr. McClellon ever left her sight (Dkt.no. 38). She never reported any such violation, further undermining the Government's claim. See **United States v. Holmes**, 23-1040 (9th Cir. 2025) (stressing the necessity for accurate and truthful representations in legal proceedings). Given the factual inaccuracies and misleading assertions made by the Government, Mr. McClellon maintains that he has complied with all court orders and conditions. The Government's misrepresentations and lack of credible evidence further justify reconsideration of any adverse determinations made based on these false premises.

17. **Mr. McClellon is not a flight risk**. Mr. McClellon traveled thousands of miles and flew from Newark International Airport to SeaTac International Airport on 03/03/2025 without an officer escort, ankle monitor, or being handcuffed – ***prima facie*** evidence.

18. Mr. McClellon does not pose an economic risk. Mr. McClellon now has access to the internet, issued a Visa Debit Card, traveled through and on a United Airlines commercial

DOUBLE-SIDED FILING

flight with a travel itinerary generated by the BOP, not a BOP flight, and was given U.S. cash money issued by the BOP.

19. Furthermore, the District Court highlights in pertinent part its Order (Dkt.no. 307), in clear violation of the HIPAA laws and appearance of fairness and impropriety doctrine (Mental Illness Stigma-led discrimination), "Mr. McClellon stated in his sentencing memorandum, his mental illnesses 'affect his behavior and judgment and evidence a strong compulsion for impulsive, damaging behavior'" are defamatory statements from Weaver (WSB bar #22488, removed court-appointed defense counsel) that arise from a clear breach of the attorney-client privilege and Weaver's retaliatory action and hatred against Mr. McClellon. In addition to that, Mr. McClellon himself never stated nor did Mr. McClellon himself have the opportunity to review the Sentencing memorandum prior to its submission to the Court and saw it for the first time at Sentencing itself held on May 29th 2024 where Mr. McClellon himself objected to it in its entirety at Sentencing an immediately moved for Weaver's removal, which was subsequently denied erroneously by the district court. In that instance alone, Mr. McClellon's right to effective assistance of counsel and right to counsel of choice was violated by the district court. Furthermore, Mr. McClellon himself never participated in the PSR/PSI process because of these abuses of discretion, witch hunt, villainization, prosecutorial misconduct and vindictiveness, defamation of character, violation of due process and speedy trial rights, violation of HIPAA laws, and violation of the Attorney-Client privilege against a non-violent defendant who maintains his innocence. Objections and challenges were made against the PSR/PSI but the district court unfairly and prejudicially using its abuse of discretion overruled Mr. McClellon.

### V. EXCEPTIONAL CIRCUMSTANCES WARRANT RELEASE

20. The denial of a stay on restitution and forfeiture has resulted in financial hardship and devaluation of seized assets, which may become irrecoverable.

21. The issues on appeal present fundamental concerns regarding due process and statutory rights. See **United States v. Zukerman**, 451 F. Supp. 3d 329, 336 (S.D.N.Y. 2020) (recognizing that financial hardship and procedural violations weigh in favor of release).

22. Given the clear violations of statutory and constitutional rights, continued detention is neither necessary nor appropriate. See **United States v. Motamedi**, 767 F.2d 1403, 1407 (9th Cir.

DOUBLE-SIDED FILING

1985) (holding that pretrial detention must be based on clear and convincing evidence that no conditions of release would suffice).

23. **Vorobyov and previous court-appointed counsels' failures** have already delayed the appeal to the point that it is untimely, leaving Mr. McClellon at risk of completing the imprisonment portion of his sentence before his appeal is resolved.

## VI. CONCLUSION

For the foregoing reasons, Mr. McClellon respectfully requests that this Court grant release pending appeal.

EXECUTED this ___24th___ day of ___March___, **2025**

Respectfully submitted,

/s/_____

Donte McClellon
*Pro se* Defendant-Appellant
220 11th Ave
Seattle, WA 98122

DOUBLE-SIDED FILING

UNITED STATES COURT OF APPEALS

FOR NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 24-3406 |
| *Plaintiff-Appellee*, | |
| | **CERTIFICATE OF SERVICE** |
| vs . | **Fed. R. Civ. P. 5(d)(1)** |
| DONTE McCLELLON, | |
| *Defendant-Appellant*. | **FILED UNDER SEAL** |

     I certify that, prior to 5:00p.m. PST on March 24th, 2025, I placed a true and correct copy of the attached "***Pro se* Motion for Leave to File Motion for Stay of Restitution and Forfeiture Pending Appeal, [Proposed]** *Pro se* **Motion for Stay of Restitution and Forfeiture Pending Appeal** (submitted as an attachment for consideration), and **Declaration in Support of Motion for Stay**" along with its incorporated sealed exhibits, in the United States mail, in a properly addressed envelope (s), with first class postage duly paid and affixed to the envelope (s), and with the envelope (s) addressed to:

1.  Attorney Teal Luthy Miller
    DOJ – Office of the U.S. Attorney
    700 Stewart Street, Suite 5220
    Seattle, WA 98101-5172

2. Attorney Gene Vorobyov
    Law Office of Gene Vorobyov
    2309 Noriega St #46
    San Francisco, CA 94122

     I declare under penalty of perjury that all of the statements made in this "Certificate of Service" are true and correct and that if called to testify as a witness in this matter, I could and would testify to each of the facts set forth in the certificate.

This Certificate was executed on March 24th, 2025 at Seattle, Washington



/s/_____

  Donte McClellon

DOUBLE-SIDED FILING

UNITED STATES COURT OF APPEALS

FOR NINTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

vs .

DONTE McCLELLON,

*Defendant-Appellant*.

Case No.: 24-3406

**CERTIFICATE OF SERVICE**

**Fed. R. Civ. P. 5(d)(1)**

**FILED UNDER SEAL**

I certify that, prior to 5:00p.m. PST on March 24th, 2025, I placed a true and correct copy of the attached "***Pro se* Motion for Leave to File Motion for Release Pending Appeal**, and **[Proposed]** *Pro se* **Motion for Release Pending Appeal** (submitted as an attachment for consideration)" along with its incorporated sealed exhibits, in the United States mail, in a properly addressed envelope (s), with first class postage duly paid and affixed to the envelope (s), and with the envelope (s) addressed to:

1.  Attorney Teal Luthy Miller
    DOJ – Office of the U.S. Attorney
    700 Stewart Street, Suite 5220
    Seattle, WA 98101-5172

2. Attorney Gene Vorobyov
   Law Office of Gene Vorobyov
   2309 Noriega St #46
   San Francisco, CA 94122

I declare under penalty of perjury that all of the statements made in this "Certificate of Service" are true and correct and that if called to testify as a witness in this matter, I could and would testify to each of the facts set forth in the certificate.

This Certificate was executed on March 24th, 2025 at Seattle, Washington

/s/_____

Donte McClellon