United States Court of Appeals
For Ninth Circuit

United States of America,
    Plaintiff-Appellee,

v.

Donte McClellon,
    Defendant-Appellant.

Case No. 24-3406

Pro se letter for Extension to File Reply Brief

Emergency Relief Requested

Double-sided filing

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS
MAY 20 2025
FILED
DOCKETED
DATE
INITIAL

To the Honorable Judges of the United States Court of Appeals for the Ninth Circuit:

Now Comes Defendant-Appellant Donte McClellon, proceeding pro se and in Forma Pauperis at this time, respectfully moves this Court for an extension to file Reply Brief to October 23rd 2025.

### Pro se Disclosure

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The Court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc) A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (internal citations omitted) (emphasis added) See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)], 'where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted); Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants, especially when they are civil rights claims by inmates. . This rule relieves pro se litigants from the strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them") (citations omitted). A prisoner's filings are deemed filed on the date they are delivered to prison officials for mailing. See Hodge v. Greiner, 269 F.3d 104, 106 (2d Cir. 2001). Signature date on documents filed by Petitioner as the presumptive filing date of those documents. Due process, including the right to effective assistance of counsel, is what separates America from authoritarian regimes around the world See Gideon v. Wainwright, 372 U.S. 335, 344, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) ("The right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours."). Hinton v. Alabama, 571 U.S. 263, 274, 134 S.Ct. 1081, 188 L.Ed.2d 1 (2014) (per curiam) ("An attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under Strickland.")

### Basis

The basis for this extension request is due to the fact that Mr. McClellon hasn't been provided a copy of Verdoya's opening brief (Dkt. no. 24) or the Government's Answer brief if one was filed to date. Mr. McClellon is currently in holdover status at FDC SeaTac and is no longer at Pioneer Fellowship House, Seattle Residential Reentry Center (RRC). Mr. McClellon arrived to Pioneer Fellowship House under a BOP

(A) Double-sided Filing

1 of 2

transfer furlough where he traveled thousands of miles across the country from FCI Otisville Camp in NY to the Seattle RRC on March 3rd 2025 without an officer escort, handcuffs or a cell phone. And when Mr. McClellon requested a cent from BOP staff at FCI Otisville Camp before he made his journey across the country during winter season on March 3rd 2025, they denied the request. Furthermore, Mr. McClellon had to carry without any assistance all of his legal paperwork and books that he accumulated over 26 months of imprisonment across the country and if he couldn't carry it then it was left behind due to BOP staff deliberate indifference.

Upon Mr. McClellon's arrival to the Seattle RRC, he was assigned a roommate who verbally abused him and later sexually assaulted him. Immediately following Mr. McClellon's protected activity of filing court documents, grievances and Prison Rape Elimination Act complaints, Mr. McClellon was retaliated against by Seattle RRC staff and was taken by the U.S. Marshals on April 22nd 2025 without his requested property and legal paperwork. Mr. McClellon's current BOP release date is September 23rd 2025, roughly 4 months away, however this release date is contested and Mr. McClellon has pending Habeas Corpus 2241 actions for immediate release due to overdetention claims related to FSA time credits, Residential Drug Abuse Program credits and Good Time credits not being applied properly by the BOP. These credits if applied correctly would amount to 30 months of creditable time off of sentence (365 days of FSA, 365 days of Residential Drug Abuse Program and 189 days of Good Conduct) for a 42-month sentence and a release date of January 27th 2024 - yes, 2024, Mr. McClellon has already served close to 27 months of imprisonment without factoring in any credits owed to him. Mr. McClellon under these circumstances and more moved for both stay of restitution and forfeiture as well as release pending appeal with both the district court and this Circuit. Mr. McClellon maintains his innocence and will have already completed the imprisonment portion of his sentence before the appeal is resolved. Thus, in the interest of justice, an extension for a Reply Brief makes more sense when Mr. McClellon is more at liberty to act on his case and be heard.

For the foregoing reasons, Mr. McClellon respectfully requests that this Court Grant the requested emergency extension to October 23rd 2025 for the Reply Brief and take Judicial notice of Mr. McClellon's change of address from Pioneer Fellowship House to FDC SeaTac and have the clerk provide a copy of the case docket sheet, Opening Brief by voronyev (Dkt.no 24) and the Government's Answer Brief if filed - directly to me at FDC SeaTac.

Executed this __15th__ day of __May__, 2025.

Respectfully submitted,

/s/ _____

Dante McClellon
Pro se Defendant-Appellant
Federal Detention Center
Reg# 06316-510  Unit GA
P.O. Box 13900
Seattle, WA 98198-1090

Double-sided Filing

2 of 2

DOUBLE-SIDED DOCUMENT

 Exhibit

**To:** Regional Director
Federal Bureau of Prisons
Western Regional Office
7338 SHORELINE DRIVE
STOCKTON, CA 95219

**From:** Donte McClellan
Reg. No: 06316-510
Pioneer Fellowship House
220 11th Ave, Seattle, WA 98122

**Subject:** Administrative Remedy Request - Pioneer Fellowship House Safety Concerns, Retaliation, Stalking, and Failure to Protect

Dear Regional Director,

This letter serves as a formal Administrative Remedy Request pursuant to **28 C.F.R. §§ 542.10–542.19**. I was denied access to the appropriate BP-9 form when I requested it from the Director of the Pioneer Fellowship House (220 11th Ave, Seattle, WA 98122). I was instead directed to obtain it online via the BOP website. After diligent searching, I was unable to locate the form, and therefore respectfully request that this letter be construed as my official remedy submission.

**Basis of Complaint:**

I am submitting this administrative remedy regarding the ongoing violations of my constitutional rights, including failure to protect, retaliation, stalking, harassment, and physical altercations, occurring at Pioneer Fellowship House, located at 220 11th Ave, Seattle, WA 98122. Despite multiple reports to facility management and staff, my safety continues to be compromised. I am requesting immediate intervention by the Bureau of Prisons (BOP) to address these issues and ensure my protection from further harm.

**BOP Duty to Protect and Safe Living Conditions:**

Under BOP Program Statement **5324.12**, the Bureau of Prisons has an affirmative duty to protect inmates from harm while in custody, including when in residential reentry centers (halfway houses). The BOP must intervene when necessary to prevent harm, including acts of stalking, harassment, and physical violence. Program Statement **5210.05** further emphasizes the need for safe living conditions in halfway houses, where "staff must ensure that inmates are not subjected to any condition that jeopardizes their safety."

This duty of protection is further grounded in the Eighth Amendment, which prohibits cruel and unusual punishment, including failure to provide adequate protection from harm (**Farmer v. Brennan**, 511 U.S. 825, 1994). The repeated failure of Pioneer Fellowship House staff to intervene in my case represents a violation of this constitutional duty.

**Chronology of Kite Submissions:**

Page 1 of 4
Cc'd on this: Director of Pioneer Fellowship House and Colby Seaman (Residential Reentry Manager)

**DOUBLE-SIDED DOCUMENT**

1. **March 4, 2025 - Initial Request for a New Roommate:**

On March 4th, 2025, I submitted a Kite to Ms. Trinetta Thompkins (aka, "Ms. Tree"), Director of Pioneer Fellowship House, requesting a change of roommate due to harassment and safety concerns. The content of the Kite reads as follows:

*"I am respectfully requesting a new roommate. The roommate I currently have is violating my personal space and it is impacting my mental health to the point where I do not believe I am safe in that room with him. I have moved out to the living room to sleep. I am harassed and verbally abused even when I sleep in the living room and eat in the dining room by this individual, where I am taunted for creating space between us. The situation has escalated physically. Although the individual stated 'excuse me,' he still proceeded to push his body against mine. This is not acceptable, and I respectfully request immediate assistance. Thank you."*

2. **March 21, 2025 - Report of Physical Altercation:**

On March 21st, 2025, I reported another physical altercation with my former roommate in a Kite to Ms. Tree. The content of the Kite reads:

*"I am writing to report another physical encounter with my former roommate. I was carrying my paperwork down the hall when this individual made an effort to assault me by pushing me aside. I am requesting immediate action be taken, as I am concerned for my safety. Thank you. This incident occurred at approximately 10:25 PM on 03/21/25."*

Despite this report, the Director and BOP concluded after reviewing video footage that the incident was an "unintentional act." I disagree with this determination, as the circumstances and prior incidents indicate that the act was intentional, constituting assault and battery.

3. **March 27, 2025 - Reply to BOP's Determination:**

On March 27th, 2025, I wrote a reply to Ms. Tree in Kite form, disputing the BOP's conclusion about the March 21st incident. The content of the Kite reads:

*"I am writing to you today in reply to your response. The act was intentional, and to rule otherwise would condone and enable this direct assault to happen again. This is an inaccurate determination, especially considering the repeated pattern of this individual and the circumstances. If it were an unintentional act, the very first thing the individual would have done is apologize, which has not happened. This is a violent assault against me and endangers my safety. I request an immediate appeal."*

4. **March 28, 2025 - Request for Administrative Remedy Form:**

On March 28th, 2025, I submitted another Kite requesting an Administrative Remedy Form to escalate the matter. The content of the Kite reads:

*"Proof was provided and is further evident in the video that the act was intentional. I am requesting an Administrative Remedy form to escalate this matter. Please provide the form. Thank you."*

5. **April 3, 2025 - Report of Threat and Harassment:**

DOUBLE-SIDED DOCUMENT

On April 3rd, 2025, I reported another incident where my former roommate threatened and harassed me while I was using the computer in the TV room. The Kite reads:

*"Once again, the former roommate approaches me, harasses me, and threatens me while I am using the computer for my legal case and programming. He demanded that I immediately get off the computer or else he would do something. This is a serious threat with intent to cause harm. This incident occurred yesterday at approximately 9:00 PM in the TV room, where I am seen sitting down using the computer, and him standing and towering over me, harassing me, and threatening me. This repeated incident with this individual is affecting my ability to program here effectively and is threatening my safety. I am respectfully requesting a full investigation and immediate action. Thank you."*

It is important to note that Pioneer Fellowship House has five total computers for resident use, some of which were unoccupied at the time. Despite this, my former roommate continuously harasses me for access to the computer I am using.

6. **April 5, 2025 - Report of Privacy Violation (Photo Incident):**

On April 5th, 2025, I reported another incident where my former roommate took a photo of me without my consent. The Kite reads:

*"I am writing to report another incident with my former roommate, who took a photo of me on his cell phone and admitted to a staff member that he took the photo. This occurred at 8:50 AM on 04/05/25. This is another situation where my safety is being endangered. Your prompt assistance is greatly appreciated and urgently requested. Thank you. Staff member is Benjamin Cournoyer, Case Manager." "*

**Stalking, Retaliation, and Constitutional Violations:**

The repeated actions of my former roommate constitute stalking, as defined under the **Violence Against Women Act (VAWA)**, which includes actions that harass, intimidate, and create a reasonable fear for an individual's safety. My former roommate's behavior, including invading my personal space, verbally taunting me, physically pushing me, and threatening me, qualifies as stalking.

Additionally, I believe that the repeated failure to address my complaints and the subsequent retaliation I have faced—such as further harassment and dismissive responses from Pioneer Fellowship House staff—constitutes a violation of my **First Amendment** rights under the **Rizzo v. Dawson** case, 778 F.2d 527 (9th Cir. 1985), which prohibits retaliation against inmates for the exercise of constitutional rights.

**Request for Immediate Action:**

Based on the severity of the stalking, retaliation, and failure to protect me, I respectfully request the following:

1. **Immediate Issuance of a "Keep Separate" Order:** To prevent further harassment and physical altercations, I request that a "keep separate" order be issued between me and my former

Page 3 of 4

Cc'd on this: Director of Pioneer Fellowship House and Colby Seaman (Residential Reentry Manager)

roommate. This action is necessary to ensure my safety and comply with BOP policy, particularly Program Statement **5210.05**, which allows for such measures when an inmate's safety is at risk.

2. **Full Investigation and Response:** I request a full and impartial investigation into the repeated failures of Pioneer Fellowship House staff to intervene and protect me. The failure to respond to my concerns in a timely and adequate manner represents a violation of my constitutional rights under the Eighth Amendment (**Farmer v. Brennan**, 511 U.S. 825, 1994).
3. **Protection from Retaliation and Harassment:** I request that immediate steps be taken to stop the harassment and retaliation, including the assignment of a different roommate and closer supervision of the individual who has caused these repeated incidents.

**Conclusion:**

The failure of Pioneer Fellowship House staff to adequately address my complaints and the continued harassment, stalking, and threats I have faced constitute clear violations of my constitutional rights under the **Eighth and First Amendments**, as well as **BOP policies** designed to protect inmates in residential reentry centers. I urge the Bureau of Prisons to act swiftly to resolve these matters and ensure my safety while residing at Pioneer Fellowship House.

**Remedy Process Moving Forward:**

If I do not receive a timely and satisfactory response to this request, I will proceed with the next step in the Administrative Remedy Program and file a **BP-10 appeal** to the General Counsel of the BOP in accordance with **28 C.F.R. § 542.15**. Copies of relevant Kite forms are available upon request.

In addition, I reserve the right to notify external oversight bodies including:

- Office of the Inspector General, DOJ
- **U.S. District Court for the Western District of Washington**
- **Ninth Circuit Court of Appeals**
- **Civil Rights Division, U.S. Department of Justice**
- **Appropriate congressional oversight committees and representatives**

Thank you for your prompt attention to this matter. I look forward to your immediate response and the necessary steps to resolve these critical safety concerns.

EXECUTED this 5th day of April, **2025** in Seattle, Washington.

Respectfully submitted,

/s/ _____
Donte McClellan
Reg.no. 06316-510

Page 4 of 4
Cc'd on this: Director of Pioneer Fellowship House and Colby Seaman (Residential Reentry Manager)

United States Court of Appeals
For Ninth Circuit

| | |
|---|---|
| United States of America,<br>    Plaintiff-Appellee,<br><br>v.<br><br>Donte McClellon,<br>    Defendant-Appellant. | Case No. 24-3406<br><br>Certificate of Service<br>Fed. R. Civ. P. 5(d)(1) |

    I certify that, prior to 5:00 p.m. PST on May 15th, 2025, I placed a true and correct copy of the attached "Pro se letter for Extension to File Reply Brief" to prison officials for United States mail, in a properly addressed envelope(s), with first class postage duly paid and affixed to the envelope(s), and with the envelope(s) addressed to:

1. Attorney Teal Luthy Miller
   DOJ - office of the U.S. Attorney
   700 Stewart Street, Suite 5220
   Seattle, WA 98101-5172

2. Attorney Gene Vorobyov
   Law office of Gene Vorobyov
   2309 Noriega St #46
   San Francisco, CA 94122

    I declare under penalty of perjury that all of the statements made in this "Certificate of Service" are true and correct and that if called to testify as a witness in this matter, I could and would testify to each of the facts set forth in the certificate.

    This Certificate was executed on May 15th, 2025 at SeaTac, Washington.

/s/ _____
Donte McClellon