**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 18 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-3406 |
| Plaintiff - Appellee, | D.C. No. 2:22-cr-00073-LK-1 |
| v. | |
| Mr. DONTE JAMAL MCCLELLON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Lauren J. King, District Judge, Presiding

Argued and Submitted March 13, 2026
Portland, Oregon

Before: COLLINS and LEE, Circuit Judges, and FITZWATER, District Judge.**

A jury convicted Donte McClellon ("McClellon") of three counts of wire fraud, 18 U.S.C. §§ 1343 and 2, and two counts of bank fraud, 18 U.S.C. §§ 1344(2) and 2, for obtaining Paycheck Protection Program ("PPP") loans using false information. McClellon appeals his sentence of 42 months of imprisonment and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

three years of supervised release.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We affirm.[1]

McClellon appeals his sentence based on the argument that the district court improperly relied on the definition of "loss" in Application Note 3 of § 2B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") (2023 ed.).  He maintains that "loss," as used in § 2B1.1, does not encompass "intended loss," and that the district court therefore erred by including "intended loss" in its loss calculation.[2]

1.     Ordinarily, "[w]e review the district court's interpretation of the Sentencing Guidelines *de novo*[.]" *United States v. Rodriguez*, 162 F.4th 1016, 1019 (9th Cir. 2025) (emphasis added).  But when the defendant fails to adequately preserve his objection to the district court's interpretation of the Sentencing

---

[1] On March 25, 2026 and on May 26, 2026, McClellon filed in the district court two additional notices of appeal from certain subsequent orders issued by the district court in the underlying criminal case.  Although each of those documents is styled simply as a "Notice of Appeal" from the challenged orders, they were docketed in the district court as amendments of the notice of appeal associated with this appeal, and they have likewise been entered on the docket of this appeal.  Because these two additional notices of appeal are not properly considered to be amendments of the notice of appeal associated with this appeal, and because we decline to consolidate any such additional appeals with this case, the Clerk of the Court is directed to strike those documents (Dkt. Nos. 94 and 95) from the docket of this case and to otherwise process those notices of appeal in the ordinary course.

[2] The district court sentenced McClellon according to the 2023 Sentencing Guidelines.  The United States Sentencing Commission has since amended the Sentencing Guidelines to move the "intended loss" language from the commentary to the text of the Guidelines.  *See* U.S.S.G. § 2B1.1 (2024 ed.).

Guidelines, we review only for plain error. *United States v. Hackett*, 123 F.4th 1005, 1010 (9th Cir. 2024).

2. The Government contends that we should review the district court's interpretation of § 2B1.1 for plain error because McClellon failed to adequately raise his legal objection in the district court. We need not decide this question, however, because, even if we assume that McClellon preserved his objection, we would affirm his sentence on *de novo* review.

3. Because we conclude that U.S.S.G. § 1B1.3—the relevant conduct guideline—incorporates the concept of "intended loss," we need not rely on Application Note 3(A) of § 2B1.1. As relevant here, § 1B1.3 provides that a defendant's offense level shall be determined on the basis of "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant," including acts and omissions that "were part of the same course of conduct or common scheme or plan as the offense of conviction," as well as "all harm that resulted from [such] acts and omissions" and "all harm that was *the object of* such acts and omissions." U.S.S.G. § 1B1.3(a) (2023 ed.) (emphasis added). When the "object of" language was first added to § 1B1.3, "object" meant "[e]nd aimed at, the thing sought to be accomplished." *Object*, Black's Law Dictionary (5th ed. 1979); *see also Object*, The American Heritage Dictionary 904

24-3406

(New College ed. 1978) ("The purpose, aim, or goal of a specific action or effort"); U.S.S.G. app. C, amend. 3 (effective Jan. 15, 1988). Section 1B1.3 therefore instructs courts to consider not only the harm that the defendant actually caused, but also the intended harm associated with his acts and omissions. *See, e.g.*, *United States v. Yafa*, 136 F.4th 1194, 1198 (9th Cir. 2025) (explaining that "§ 1B1.3's broad directive," when read alongside § 2B1.1, "strongly suggests that 'loss' is not limited to only that loss which is identifiable and clearly calculable").

4. Here, the district court did not err by including in the loss calculation the amount of loans that McClellon sought as part of his scheme to obtain PPP loans using false information, i.e., the intended loss. In the district court, McClellon challenged the inclusion of two loans that were denied. The district court also included a third loan that the target bank clawed back based on the suspicion that McClellon was engaged in PPP fraud. McClellon's "object" in applying for these loans was to obtain the same loan amounts that he now contends should have been excluded from the district court's loss calculation. And McClellon took substantial steps toward this "object" when he submitted false information in his loan applications. Section 1B1.3 therefore required the district court to consider these three loan amounts when determining the amount of loss. Accordingly, the district

24-3406

court did not err in calculating the loss by including the intended loss associated with these loan amounts.

Regardless whether we review the sentence for plain error or *de novo*, we hold that the sentence should be affirmed.

**AFFIRMED**.

24-3406